# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRVIN COOK, JR., | : | |
| Plaintiff | : | Action No. 3:16-CV-0153 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, | : | (Magistrate Judge Cohn) |
| Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

### Background

On January 28, 2016, Plaintiff, Irvin Cook, Jr., filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On April 4, 2016, Defendant filed an Answer and Transcript. (Docs. 9 and 10). On June 20, 2016, Plaintiff filed a brief in support of his complaint. (Doc. 13). On July 25, 2016, Defendant filed a brief in opposition. (Doc. 14). On August 8, 2016, Plaintiff filed a reply brief. (Doc. 15). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Gerald B. Cohn on March 2, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, and final judgment be entered in favor of

Defendant and against Plaintiff. (Doc. 20). On March 16, 2017, Plaintiff filed objections, (Doc. 21), and the matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, the objections will be overruled, the appeal will be denied, the decision of the Commissioner will be affirmed, final judgment will be entered in favor of Defendant and against Plaintiff, and the Clerk of Court will be directed to close this matter.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to

ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled.  The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which are adopted herein. (Doc. 20, pp. 1-3, 4-6).  The Magistrate Judge also thoroughly reviews the case background, medical records, and the ALJ's decision, also adopted herein.  (Id. at pp. 3-4, 6-14).  Magistrate Judge Cohn then addresses Plaintiff's assertions, and determines that:

3

(1) substantial evidence supports the weight the ALJ gave to the Global Assessment of Function scores and medical opinions; (2) substantial evidence supports the ALJ's credibility finding; (3) substantial evidence supports the ALJ's Step Two determination because any failure to mention Plaintiff's impairment of Anti-Social Personality Disorder was harmless error because Plaintiff has failed to provide more than a generalized limitation resulting from this impairment as required by Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); and (4) the ALJ was under no obligation to discuss every scintilla of evidence.  (Doc. 20, pp. 14-26).

    Plaintiff filed objections to the R&R on March 16, 2017.  (Doc. 21). However, a review of the objections reveal they are all reiterations of arguments Plaintiff raised in his complaint and support brief that were already addressed in the R&R by Magistrate Judge Cohn.  See (Doc. 14, pp. 12-33); (Doc. 18, pp. 19-42).  Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy[1] demands they be reviewed for clear error as opposed to de novo review.  See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's

---

[1] The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

4

objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008).  See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

After a review of the record and the R&R, it is determined that the there is no clear error in the Magistrate Judge's conclusions and recommendations.  As such, the R&R will be adopted, the objections will be overruled, the appeal will be denied, the decision of the Commissioner will be affirmed, judgment will be entered in favor of Defendant and against Plaintiff, and the Clerk of Court will be directed to close this matter.

A separate Order will be entered.

**Date:** March 22, 2017

/s/ William J. Nealon
**United States District Judge**